United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO ALFREDO QUINTEROS,

    Petitioner,

    v.

ERIC H HOLDER, et al.,

    Respondents.
_____/

No. C 11-1779 PJH

**ORDER REQUIRING RETURN TO PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)**

    On April 12, 2011, petitioner Antonio Alfredo Quinteros filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and complaint for declaratory and injunctive relief. In order to facilitate the just, speedy, and inexpensive determination of this action, the court hereby ORDERS as follows:

    1.    If respondents contend that the petition for writ of habeas corpus is clearly subject to dismissal without reaching the merits of petitioner's claims, they shall file a single motion to dismiss no later than June 13, 2011. Respondents shall lodge with the court all records pertinent to each claim addressed in the petition at the time they file the motion to dismiss. All grounds for dismissal must be included in the motion. The filing of the motion will stay the requirement to file a return to the petition pending disposition of the motion.

2. If respondents file a motion to dismiss, petitioner shall file his opposition within 28 days from the filing date of the motion. Petitioner's opposition shall state whether he admits or denies each allegation of fact contained in the motion to dismiss, and shall be limited to facts or contentions responsive to matters raised in the motion to dismiss.

3. If respondents file a motion to dismiss, their reply memorandum shall be filed no later than 21 days after petitioner files his opposition to the motion.

4. If respondents do not contend that the petition can be decided without reaching the merits of petitioner's claims, respondents shall file a return to the petition no later than June 13, 2011. The return shall not exceed 25 pages. At the time the return is filed, respondent shall lodge with the court all records pertinent to each claim addressed in the petition and/or return.

5. Petitioner shall file a single reply to the return no later than August 15, 2011. The reply shall not exceed 15 pages. Petitioner's reply shall state whether petitioner admits or denies each allegation of fact contained in the return, and shall be limited to facts or arguments responsive to matters raised in the return. The court will not consider grounds for relief petitioner asserts for the first time in his reply. Petitioner is advised that failure to file a reply may result in the allegations of the return being accepted as true, pursuant to 28 U.S.C. § 2248.

6. A request by a party for an extension of time within which to file any of the pleadings required by this order will be granted only upon a showing of good cause, and should be made in advance of the relevant due date. Any party requesting an extension shall accompany the request with a declaration explaining why the extension is necessary and a proposed order setting forth the requested dates.

7. Unless the court orders otherwise, the case will be deemed submitted, without oral argument, the day petitioner's reply is filed, or is due and not filed. In the event petitioner does not file an opposition to a motion to dismiss, the motion will be taken under submission on the day following the day the opposition to the motion was due. The court may order further briefing or other proceedings, at any time, as necessary.

8. To the extent that, in filing this action as a complaint for declaratory and injunctive relief, petitioner seeks relief in addition to the relief sought in his petition for writ of habeas corpus, the court will first address the issues raised in the petition, and respondents need not separately answer the complaint until the issues raised in the petition have been resolved.

**IT IS SO ORDERED.**

Dated: May 9, 2011

PHYLLIS J. HAMILTON
United States District Judge